MEMORANDUM *
Christian Williams appeals the district court’s grant of summary judgment in his 42 U.S.C. § 1983 action in favor of defendants Sheriff Don Horsley, the San Mateo County Sheriff Department, and the County of San Mateo. We reverse. Because the parties are familiar with the factual and legal history of this case, we need not recount it here.
There are genuine issues of material fact as to plaintiffs claim that he was subject *346 to unconstitutional punishment in violation of his Fourteenth Amendment rights. If a civil detainee is held under conditions similar to or more restrictive than the conditions imposed on criminal detainees, then a presumption arises that the detention is punitive and violates the civil detainee’s rights under the Fourteenth Amendment. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir.2004).
Williams alleges that, although he was a civil detainee, he was treated the same as, or sometimes more restrictively than, criminal detainees. On its face, the affidavit by Greg Trindle, the Assistant Sheriff for San Mateo County, indicates that civil detainees were treated the same as criminal detainees. The Williams and Trindle affidavits also create genuine issues of material fact as to whether the County engages in a pattern and practice of subjecting civil detainees to the same or more restrictive conditions than criminal detainees. Monell v. Dep’t of Social Servs., 436 U.S. 658, 694-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 387-91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).
Williams has also raised a genuine issue of material fact as to Sheriff Horsley’s supervisory liability, because a jury could reasonably find that the Sheriff was aware of the policies and practices concerning the detention of civil detainees. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991). As we have previously stated, “ ‘acquiescence or culpable indifference’ may suffice to show that a supervisor ‘personally played a role in the alleged constitutional violations.’ ” Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir.2011) (quoting Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir.2005)). The Trin-dle affidavit presents evidence that civil detainees were subjected to the same conditions as criminal detainees. This evidence plausibly suggests that Sheriff Horsley, as the person “required by statute to take charge of and keep the county jail and the prisoners in it,” Redman, 942 F.2d at 1446 (citing Cal. Gov.Code §§ 26605, 26610; Cal.Penal Code § 4006), acquiesced in the unconstitutional conduct of his subordinates.
Williams also alleges that his First, Fourth, and Fourteenth Amendment rights were violated because he was confined in squalid conditions, subjected to invasions of privacy, denied medical care, and denied the freedom to practice his religion. Insofar as these claims are separate from his claim of unconstitutional punitive treatment, the district court properly granted summary judgment, because Williams failed to introduce evidence that the defendants have a policy or practice of subjecting inmates to such alleged constitutional violations.[1]
We vacate the grant of summary judgment and remand for proceedings consistent with this opinion. Given the complexity of the legal issues involved, we instruct the district court on remand to appoint counsel to assist Williams in pursuing his case. We need not, and do not, reach any other question presented by the parties.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Williams also contends that the district improperly construed his evidentiary submissions. With reversal of summary judgment, his argument is now moot.